# EXHIBIT A

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | |
|---|---|
| MICHAEL PRITCHETT<br>2531 S.W. Wintervalley Court<br>Lee's Summit, MO 64081<br><br>    Plaintiff,<br><br>v.<br><br>MEDTRONIC, INC.<br><br>SERVE: Registered Agent<br>CSC-LAWYERS INCORPORATING<br>SERVICE COMPANY,<br>221 Bolivar Street<br>Jefferson City, MO 65101<br><br>    Defendant. | Case No.<br><br>Division: |

## PETITION FOR DAMAGES

### COUNT I

COMES NOW Plaintiff and for his cause of action against Defendant states as follows:

1. Plaintiff is an individual and resident of the State of Missouri.

2. Defendant is a corporation which manufactures medical devices and sells those medical devices in the State of Missouri.

3. On or about May 11, 2015, the Plaintiff went to St. Joseph Medical Center in Kansas City, Jackson County, Missouri. The Plaintiff had a surgical procedure performed in which a Medtronic Restore Sensor model number 37714, serial number NKS728019H was placed in the right flank pocket of his body. Plaintiff's surgery included the implantation of the Medtronic Restore Sensor. It is a device used to treat chronic intractable pain of the trunk and/or limbs. The Plaintiff by reason of his payment of the hospital bill and surgery bill either directly or by and through insurance carriers paying on his behalf was a purchaser of the

product resulting in his being a claimant under Missouri Products Liability Law and Missouri's Merchandising Practices Act.

4. The Medtronic Restore Sensor was manufactured by the Defendant. The product was manufactured in a defective and unreasonably dangerous condition in that its leads subsequently failed resulting in injury[7] and damage to the Plaintiff.

5. The Defendant is a corporation which placed the sensor into the stream of commerce and as a result it has liability under Missouri Products Liability Law.

6. The Defendant's product was defective and unreasonably dangerous when put to a reasonably anticipated use.

7. The product was put to a reasonably anticipated use and as a direct result of such defective condition which existed at the time of manufacture, the Plaintiff sustained injury.

8. The product was also defective and unreasonably dangerous in that it was dangerous when put to a use without knowledge of its characteristics. It had a characteristic which would allow it to fail and its leads to fail and as a result leave a patient without the relief that the product was designed to give. On information and belief Plaintiff states that the Medtronic Restore Sensor did not comply with the specifications which the Defendant provided to the FDA agency. The failure of the product to comply with the FDA specifications resulted in the product being defective and unreasonably dangerous.

9. Plaintiff additionally states on information and belief that the device manufactured by the Defendant and implanted in his body was the subject of a recall by the Defendant pursuant to Recall Number Z-1926-2016. Plaintiff incorporates by reference each and every finding and discovery concerning the recall.

10. As a result of the failure of the product, the product failed to perform, and the

Electronically Filed - Jackson - Kansas City - May 03, 2021 - 03:17 PM

failure also interfered with the Plaintiffs ability to get an additional or alternative product to deal with his pain.

11. The Plaintiff underwent pain and suffering and incurred medical expenses and there is a permanent component to his injury.

12. Plaintiff is entitled to an award of damages against Defendant in an amount which is fair, reasonable, and just.

WHEREFORE, Plaintiff prays judgment against Defendant in such sum as would be fair, reasonable, and just in amount and for his costs expended and incurred herein,

## COUNT II

COMES NOW Plaintiff and for is cause of action under Count II states as follows:

13. Plaintiff incorporates by reference each and every allegation, statement and averment contained in Count I.

14. Defendant expressly warranted its product that it would function properly and in a non-defective manner.

15. The Defendant by reason of its expressed warranty caused the physician implanting the device in Plaintiffs body and Plaintiff, by and through his physician, to rely upon the expressed warranty to his damage.

16. This cause of action for breach of warranty is in the nature of a breach of contract which is separate and apart from, the claim in Count I for a defective product which is based on defect and/or failure to comply with the specifications submitted to the FDA.

17. Plaintiff is entitled to an award of damages against Defendant in an amount which is fair, reasonable, and just.

WHEREFORE, Plaintiff prays judgment against Defendant in such sum as would be fair, reasonable, and just in amount and for his costs expended and incurred herein,

## COUNT III

COMES NOW Plaintiff and for his cause of action under Count III states as follows:

18. Plaintiff incorporates each and every allegation, statement and averment contained in Counts I and II.

19. This cause of action is brought pursuant to the Missouri Merchandising Practices Act.

20. Plaintiff purchased Defendant's medical device from the hospital where he had the surgery for the personal purpose of relieving his pain,

21. The device did not work as defendant represented it would. In other words, Defendant made a misrepresentation in connection with the sale and/or advertisement of its medical device. As a result, Plaintiff suffered an ascertainable loss of money including the loss of money spent to purchase the device from the hospital and the loss of money necessary- to pay for the removal of the device.

22. Plaintiff is entitled to an award of damages against Defendant in an amount which is fair, reasonable, and just.

WHEREFORE, Plaintiff prays judgment against Defendant in such sum as would be fair, reasonable, and just in amount and for his costs expended and incurred herein.

## COUNT IV

COMES NOW Plaintiff and for his cause of action against Defendant under Count IV states as follows:

23. Plaintiff incorporates by reference each and every allegation, statement and averment contained in Counts I, II and III.

24. The Defendant by reason of being a supplier of a medical device which was implanted into the body of the Plaintiff, had to comply with certain federal regulations

concerning the safety and efficacy of the product.

25. Plaintiff states on information and belief, including the fact that there was a product recall, that the Defendant violated the FDA Regulations applicable to its product resulting in the Defendant being negligent per se.

26. The regulations were intended for the protection of persons who would have Defendant's product implanted in their body; thus, Plaintiff was a member of the class of persons intended to be protected by the regulations.

27. The regulations were designed to prevent implanted medical devices from injuring the people the devices were implanted in. The injury suffered by Plaintiff was the kind of injury' the regulations were designed to prevent.

28. The Defendant failed to use ordinary care to have its product in be compliance with the regulations of the FDA and the specifications it had submitted to the FDA. This failure results in the Defendant's conduct being negligent and by reason of it being violative of regulations and specifications, the conduct is negligent per se.

29. Defendant's violation of federal regulations and product specifications submitted to the FDA directly caused or directly contributed to cause Plaintiffs injuries, The Plaintiff underwent pain and suffering and incurred medical expenses and there is a permanent component to his injury'.

Plaintiff is entitled to an award of damages against Defendant in an amount which is fair, reasonable, and just.

WHEREFORE, Plaintiff prays judgment against Defendant in such sum as would be fair, reasonable, and just in amount and for his costs expended and incurred herein.

Respectfully Submitted,

MILLER & TERRY, ATTORNEYS AT LAW

By: /S/ *Matthew E. Terry*
    Matthew E. Terry, #63288
    Emmalee M. Terry, #64034
    618 SE 4th Street
    Lee's Summit, MO 64063-2750
    matt@millerterrylaw.com
    emmalee@millerterrylaw.com
    Telephone: 816-524-8718
    Fax: 816-272-5967

*ATTORNEYS FOR PLAINTIFF*



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>BRYAN E ROUND | Case Number: 2116-CV10067 | |
|---|---|---|
| Plaintiff/Petitioner:<br>MICHAEL PRITCHETT<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW EMISON TERRY<br>618 SE 4TH ST<br>LEES SUMMIT, MO 64063 | |
| Defendant/Respondent:<br>MEDTRONIC, INC | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 | |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** MEDTRONIC, INC
   **Alias:**
R/A CSC-LAWYERS INC SERVICE CO
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

*COURT SEAL OF JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

06-JUN-2022
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

   *(Seal)*   **Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
My commission expires: _____        _____
                              Date                                   Notary Public

**Sheriff's Fees**
Summons         $_____
Non Est         $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $   10.00
Mileage         $_____ (_____ miles @ $._____ per mile)
**Total**       $_____
A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 22-SMCC-4548** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo
Case 4:22-cv-00449-FJG   Document 1-1   Filed 07/13/22   Page 8 of 9

# SUMMONS/GARNISHMENT SERVICE PACKETS
# ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.

Circuit Court of Jackson County

6/2020